IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

SAMUEL D. CRAWFORD,                    )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )      Case No. 10-3190-CV-S-ODS
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )

## ORDER AND OPINION REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER CONSIDERATION

Pending is Mr. Crawford's request for review of the final decision of the Commissioner of Social Security denying his disability application. The Commissioner's decision is reversed and the case remanded.

## I. BACKGROUND

Crawford was born November 6, 1955. He last worked as a maintenance operator for the City of Springfield in 2002. He has been diagnosed with rheumatoid arthritis; he also sustained work-related injuries to his neck, shoulder, and elbow. He complains of pain in his neck, shoulders, left elbow, and back, as well as depression. This is Crawford's third appeal to this Court seeking a reversal of the Commissioner's denial of benefits.[1]

Crawford's disability application applicable to this case alleged disability beginning February 22, 2006. After a hearing, the ALJ denied benefits.

---

[1] *See* Case Nos. 6:04-cv-03558-REL; 6:06-cv-03396-JCE. Both previous appeals involved different applications and resulted in the Commissioner's decision being affirmed.

## II.  DISCUSSION

"[R]eview of [the Commissioner's] decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole.  Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion.  [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion."  *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted).  Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision.  *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991).  Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  *Smith v. Schweiker*, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

*The ALJ Failed to Follow Regulations*

At step two of the five-step sequential evaluation process, the ALJ was required to consider the medical severity of Crawford's impairments.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  The ALJ found Crawford's left shoulder pain, left elbow pain, and neck pain were severe impairments.  But pain is not an "impairment"; pain is a *symptom* of an impairment.  *See* § 404.1529 (stating how symptoms, such as pain, are evaluated); see also § 404.1528(a) ("Symptoms are your own description of your physical or mental impairment.")  The ALJ failed to consider the severity of any impairments at step two as required by § 404.1520(a)(4)(ii).

The ALJ also failed to conduct the required psychiatric review technique analysis.  *See* § 404.1520a; *Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007).  Crawford alleged he was disabled because of depression, and on April 12, 2006, he was diagnosed with major depression, although a doctor's note from about 1 year later indicated that Crawford had reported he was not depressed.

While not disputing that the special technique is "required to be conducted and

documented at each level of the review process," *Nicola*, 480 F.3d at 887, the

Commissioner argues the ALJ did not err because Crawford provided no medical

evidence how his depression limited his ability to work. But the absence of this

evidence would have been relevant *within* the psychiatric review technique analysis,

where – after the ALJ determined whether Crawford had a medically determinable

mental impairment – the ALJ would have rated the resulting degree of functional

limitation. *See* § 404.1520a(b). The absence of medical evidence showing how

Crawford's depression limited his ability to work did not authorize the ALJ to bypass the

analysis altogether.

*The Court Must Reverse and Remand for Further Consideration*

The ALJ also determined Crawford's complaints of pain were not credible due to

perceived inconsistencies in Crawford's statements that did not exist:

- The ALJ wrote Crawford "testified that he can only lift a gallon jug of milk." Crawford he testified he *could* lift a gallon of milk after the ALJ asked him if he could; he never testified he *only* could lift a gallon of milk. (Tr. 35, 48).

- The ALJ wrote Crawford later testified he could not lift a cup of coffee. The Court has reviewed the hearing transcript; Crawford never testified he could not lift a cup of coffee.[2]

- Crawford reported in the Function Report - Adult that he reads. The ALJ noted this and wrote, "[Y]et [Crawford] testified at the hearing that he does not read." At the hearing, Crawford testified he did not read "very much"; Crawford never testified he did not read. (Tr. 38).

_____

[2] In Judge Larsen's Order affirming the Commissioner's final decision in 04-3558, Judge Larsen noted Crawford had reported to the psychological consultant that Crawford had trouble picking up a coffee cup at times. *See* Doc. 16. But that statement – which did not specify whether it was limited to Crawford's left hand – was not repeated at the hearing in this case.

In addition, the ALJ determined Crawford was not credible because of his daily activities, but the ALJ described some of Crawford's activities without including relevant information that portrayed him to be less active:

- In support of the his finding that Crawford "consciously attempted to portray limitations than [sic] are not actually present," the ALJ cited a doctor's note from January 2006 stating Crawford was "building a garage." The ALJ neglected to mention Crawford's testimony he did not build the garage; his ex-brother-in-law did a lot of the construction, with Crawford "kind of supervising it." (Tr. 41).

- Crawford stated in the Function Report that he was involved in church activities and attended church three times per week. The ALJ noted this in his decision, but failed to mention Crawford's testimony he did not go to church. (Tr. 40).

- The ALJ wrote Crawford "reported that he goes hunting and fishing – activities that require more than minimal physical effort." The ALJ failed to mention that Crawford reported he did these things only "occasionally" and testified he fished only about once per month. (Tr. 46, 131). The ALJ also failed to mention that (1) when Crawford fishes, he usually just sits under a bridge and pitches out a minnow, and (2) when Crawford last hunted, he just sat in a chair for an hour-and-a-half waiting for a turkey and was sore after walking back to the truck. (Tr. 46-47).

Not only were the perceived inconsistencies and activities noted above used by the ALJ to discount Crawford's credibility, they also were part of the "evidence in the record" the ALJ cited in refusing to give the opinion of Crawford's treating physician controlling weight. Given the number of errors and their role in the decision-making process, the Court cannot find them harmless.

This is not to say that Crawford is disabled. The lack of frequent medical visits by Crawford complaining of pain supports the ALJ's decision, as well as the inconsistency between Crawford's testimony regarding his ability to sit.[3] But the Court

_____

[3] Crawford testified he could sit for only 20 minutes at a time, but at the hearing he sat for over 45 minutes, and Crawford's testimony regarding fishing and hunting makes it appear that mostly sits during those activities for periods much longer than 20

has no confidence in the ALJ's assessment of Crawford's residual functional capacity – which ultimately led to the determination Crawford could perform other work. The Commissioner's decision is reversed and remanded for further consideration.

IT IS SO ORDERED.

<div style="margin-left:50%">

/s/ Ortrie D. Smith       

ORTRIE D. SMITH, JUDGE

UNITED STATES DISTRICT COURT
</div>

DATE: April 4, 2011

---

minutes.